**Affirmed as Reformed and Memorandum Opinion filed July 23, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00633-CR

---

**CURTIS JAMES SIMOND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1405231**

---

## M E M O R A N D U M    O P I N I O N

Appellant appeals his conviction for aggravated assault of a family member. Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978). A copy of

counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). As of this date, more than 60 days have passed and no pro se response has been filed.

The judgment does contain a clerical error. The record reflects appellant entered a plea of "true" to the enhancement paragraph but the judgment incorrectly states the plea was "N/A." Accordingly, we reform the trial court's judgment to reflect appellant pled "true" to the first enhancement paragraph. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating appellate court has authority to reform a judgment to "speak the truth"). In an appeal in which counsel has filed an *Anders* brief, we are not required to abate the appeal for appointment of new counsel if the judgment may be reformed. *See Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, no pet.) (reforming judgment in *Anders* appeal to correct age of child complainant); *Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (reforming judgment in *Anders* appeal to delete improper condition of parole); *see also Getts v. State*, 155 S.W.3d 153, 155 (Tex. Crim. App. 2005) (affirming court of appeals' judgment reforming the judgment of conviction in *Anders* appeal).

Having reformed the judgment, as noted above, and having carefully reviewed the record and counsel's brief, we agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, we affirm the trial court's judgment as reformed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).